## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LYNN HESS SCOTT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )    **Case No. CIV-07-390-L** |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner of Social** | ) |
| **Security Administration,** | ) |
| | ) |
| **Defendant.** | ) |

## REPORT AND RECOMMENDATION

Lynn Hess Scott ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) seeking

judicial review of Defendant Commissioner's final decision denying, in part,  Plaintiff's

application for disability insurance benefits under the Social Security Act.  This matter has

been referred to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C.

§ 636(b)(1)(B).  Upon review of the pleadings, the record ("Tr.") and the parties' briefs, the

undersigned recommends that the Commissioner's decision be reversed and the matter

remanded for further proceedings.

## Administrative Proceedings

Plaintiff initiated these proceedings by filing her application seeking disability

insurance benefits in October, 2003  [Tr. 56 - 58].  She alleged that a back injury and

migraine headaches resulted in disabling limitations as of October 14, 2002, the date on

which she was involved in a car accident [Tr. 56 and 67]. Plaintiff's claims were denied

initially and upon reconsideration [Tr. 28 - 30 and 33 - 34]; at Plaintiff's request an

Administrative Law Judge ("ALJ") conducted an August 2005 hearing where Plaintiff, who was represented by counsel, and a vocational expert testified [Tr. 35 and 369 - 394]. The ALJ subsequently issued a partially favorable decision finding that while Plaintiff was disabled within the meaning of the Social Security Act from October 14, 2002 – the date of her car accident – through December 4, 2003, medical improvement related to Plaintiff's ability to work occurred as of December 5, 2003, and that Plaintiff has been able to perform her past relevant work since that date [Tr. 20 - 24]. Consequently, the ALJ concluded Plaintiff's disability ended on December 5, 2003. *Id.* The Appeals Council of the Social Security Administration declined Plaintiff's request for review [Tr. 2 - 4], and Plaintiff subsequently sought review of the Commissioner's final decision in this court.

**Standard of Review**

This court is limited in its review of the Commissioner's final decision to a determination of whether the ALJ's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). Nonetheless, while this court can neither reweigh the evidence nor substitute its own judgment for that of the ALJ, the court's review is not superficial. "To find that the [Commissioner's] decision is supported by substantial evidence, there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion." *Bernal v. Bowen,* 851 F.2d 297, 299 (10th Cir. 1988) (citation omitted). "A decision is not based on substantial evidence if

it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* at 299.

## Analysis of Plaintiff's Claim of Error

Plaintiff maintains as her sole claim of error that substantial evidence does not support the ALJ's determination that Plaintiff could return to her past relevant work as of December 5, 2003, the date on which he found her disability to have ceased. Specifically, Plaintiff argues "that the ALJ did not carry out his legal duty to ascertain the precise requirements of that past work and determine whether her residual functional capacity[1] would permit her to meet those requirements." [Doc. No. 19, p. 10].

A review of the medical evidence is not necessary to the resolution of Plaintiff's claim in this case because the parties do not dispute the validity of the following RFC assessment formulated by the ALJ:

> As a result of medical improvement related to [Plaintiff's] ability to perform work-related activity, on December 5, 2003, she regained the ability to perform skilled work at light/sedentary exertional levels at [sic] does not involve lifting over 25 pounds, no stooping or bending, no sitting more than 45 minutes with out a break, and no driving over 2 hours.

[Tr. 24]. After assessing this RFC, the ALJ then analyzed whether such an RFC would allow Plaintiff to return to any of her past relevant work, concluding that it did:

---

[1]Residual functional capacity ("RFC") "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545 (a) (1).

> A review of the claimant's earnings show [sic] that within the last 15 years she has engaged in substantial gainful activity as a Title clerk, customer service representative, secretary/administrative assistant, bookkeeper, and collections clerk. The vocational expert testified that the claimant's past relevant work as a title clerk, collection clerk, bookkeeper, and secretary/administrative assistant falls within the definitions of semi-skilled to skilled work perform [sic] at the sedentary exertional level and that her past relevant work as a customer service representative falls within the definitions of skilled work performed at the light exertional level. The undersigned notes the claimant described each of the sedentary jobs contained in her past relevant work as allowing and/or requiring her to stand and/or walk for at least two hours and some up-to 3 to 5 hours each work day. Thus she described each of the sedentary jobs contained in her past relevant work as providing her significant opportunity throughout the day to periodically stand and/or walk. She also described each job contained in her past relevant work as not involving repetitive stooping, bending, crouching, kneeling, or etc. The undersigned also notes that the claimant's work restrictions do not involve significant limitations in her ability to stand and/or walk.

[Tr. 23 (record references omitted)].

The ALJ then ultimately determined "that as a result of medical improvement related to her ability to perform work-related activities, since December 5, 2003, the demands and requirements of the claimant's past relevant work has [sic] not exceeded her residual functional capacity." *Id.* Consequently, the ALJ found that Plaintiff's disability ceased as of that date. *Id.*

On appeal from this decision, Plaintiff takes issue with the ALJ's treatment of the restriction in Plaintiff's RFC requiring work with "no sitting more than 45 minutes without a break." [Tr. 24]. Plaintiff maintains – correctly – that no testimony was given by Plaintiff at the administrative hearing with regard to the demands of her past work, including whether

she was free to "break"[2] after sitting for forty-five minutes  [Tr. 369 - 394].  Likewise, Plaintiff accurately maintains that while the ALJ elicited testimony from the vocational expert about the exertional and skill levels of Plaintiff's previous work, he did not pose any hypothetical questions to the expert and failed to obtain testimony as to whether Plaintiff's previous work could be performed as restricted by the need to "break" after forty-five minutes of sitting.  *Id.*  In short, Plaintiff argues that there is no evidence to support the ALJ's finding that Plaintiff could perform her past work as restricted by her RFC-imposed need to "break" after sitting for forty-five minutes.

The Commissioner, on the other hand, while not disputing that it is the ALJ's duty to properly develop the record regarding the demands of Plaintiff's past relevant work, *see Winfrey v. Chater,* 92 F.3d 1017, 1024 (10th Cir. 1996), contends that the ALJ properly relied on Plaintiff's own description of her past relevant work in a Work History Report by noting "that the jobs provided significant opportunity throughout the day to stand and walk." [Doc. No. 22, p. 5].  In addition, the Commissioner points to the ALJ's finding that "Plaintiff's past relevant work involved periods of standing and walking that accommodate her sitting limitations."  *Id.* at 5 -6.  In this regard, the Commissioner particularly "notes that Plaintiff described her job as a bookkeeper/assistant manager as involving standing and walking two-thirds of the workday."  *Id.* at 6.

---

[2]The ALJ's decision does not reflect what he envisioned as a "break." [Tr. 20 - 24].

The undersigned finds that it is entirely reasonable to *assume* that an employee who stands and walks for two-thirds of her workday[3] would be free to stand and walk around after sitting for forty-five minutes, thus satisfying the limitation imposed by her RFC. Nonetheless, such an assumption is speculation, not evidence. The ALJ failed to ascertain from Plaintiff whether this was, in fact, the case with any of her jobs as she actually performed them, and he likewise failed to determine from the vocational expert whether this would be the case with any of the jobs as they are generally performed in the national economy. In the absence of actual evidence that any of Plaintiff's past relevant work would accommodate a restriction specifically imposed by her RFC, substantial evidence does not support the ALJ's finding that Plaintiff's disability has ceased. Accordingly, remand for further proceedings is required.

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, it is recommended that this matter be reversed and remanded for further proceedings in accordance with this report. The parties are advised of their right to object to this Report and Recommendation by July 2, 2008, in accordance with 28 U.S.C. §636 and Local Civil Rule 72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir.

---

[3]It is worth noting, however, that Plaintiff indicated this work as a bookkeeper/assistant manager required her to stoop for one hour each workday [Tr. 110]. Accordingly, Plaintiff's RFC with its "no stooping" [Tr. 24] restriction would have eliminated this particular job.

1991).   This Report and Recommendation disposes of all issues referred to the Magistrate

Judge in this matter.

ENTERED this 12th day of June, 2008.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE